UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY P. BARTLETT,

        Plaintiff,                       Case No. 1:06-cv-887

v.                                           Honorable Gordon J. Quist

JIM ARMSTRONG et al.

        Defendants.

_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

I.	Factual allegations

Plaintiff is incarcerated in the Richard A. Handlon Correctional Facility (MTU). In his *pro se* complaint, he sues the following MTU employees: Warden John Prelesnik, Physician Assistant Donna Rhora and Nurse Supervisor Robin Miller. Plaintiff also sues the following employees of the Michigan Department of Corrections (MDOC): Prisoner Affairs Administrator Jim Armstrong and Region II Health Care Administrator Julie Van Setters.

Plaintiff's complaint concerns the conditions of his confinement at MTU. Plaintiff first claims that he is being denied medical treatment in violation of his Eighth Amendment rights. Plaintiff alleges that Defendants Rhora and Miller failed to provide him with proper medical treatment for a foot infection. He contends that Defendant Rhora provided him with a foot cream, but refused his request to see a doctor so that the fluid running out of the bumps on his feet could be tested. Plaintiff also claims that Rhora denied him proper medical treatment for his acid reflux. While Rhora prescribed Mintox Plus tablets for Plaintiff's acid reflux, he contends that they are not effective and that she should have prescribed him with Prevacid and placed him on a special diet for acid reflux. Plaintiff asserts that Defendants Armstrong, Miller and Van Setters were aware of Rhora's conduct, but failed to take corrective action.

Plaintiff's other claim concerns his security classification. Plaintiff, who is classified to security level II, contends that he should be classified to security level I. Plaintiff alleges that Warden Prelesnik is holding him at security level II without an administrative hearing in violation of his due process rights. As a result of his level II placement, Plaintiff claims that he is being denied the opportunity for placement in a Community Residential Program (CRP).

Plaintiff seeks injunctive relief, as well as compensatory and punitive damages from each of the Defendants.

II.     Failure to state a claim[1]

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A.     **Eighth Amendment**

Plaintiff claims that Defendants are denying him proper medical care in violation of his Eighth Amendment rights. The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v.*

---

[1] Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). However, the Court need not first require exhaustion of available administrative remedies when the claim may be dismissed because it is, "on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(2); *Brown v. Toombs*, 139 F.3d 1102, 1103 (6th Cir. 1998). Because Plaintiff's complaint fails to state a claim upon which relief can be granted, the Court will dismiss his action without determining whether he properly exhausted his available administrative remedies.

*Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

The Supreme Court has adopted a mixed objective and subjective standard for ascertaining the existence of deliberate indifference in the context of the Eighth Amendment:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer v. Brennan,* 511 U.S. 825, 837 (1994). The objective component of the test requires the existence of a "sufficiently serious" medical need. *Blackmore v. Kalamazoo County,* 390 F.3d 890, 895 (6th Cir. 2004). A sufficiently serious medical need is predicated upon the inmate demonstrating that he or she "is incarcerated under conditions imposing a substantial risk of serious harm." *Id.* (quoting *Farmer,* 511 U.S. at 834). The subjective component, by contrast, requires a showing that the prison official possessed "a sufficiently culpable state of mind in denying medical care." *Id.* (quoting *Farmer,* 511 U.S. at 834). Deliberate indifference requires a degree of culpability greater than mere negligence, but less than "acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer,* 511 U.S. at 835. The prison official's state of mind must evince "deliberateness tantamount to intent to punish." *Horn v. Madison County Fiscal Court,* 22 F.3d 653, 660 (6th Cir. 1994).

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. Differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995); *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29,

1996).  This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering.  *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).  Moreover, where "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976); *see also Wilson v. Hofbauer,* No. 03-2629, 2004 WL 2320337, at *2 (6th Cir. Sept. 20, 2004); *Brock v. Crall*, No. 00-5914, 2001 WL 468169, at *2 (6th Cir. Apr. 27, 2001); *Jones v. Martin*, No. 00-1522, 2001 WL 223859, at *1 (6th Cir. Feb. 28, 2001); *Williams v. Mattson*, No. 99-1796, 2000 WL 924145, at *1 (6th Cir. June 28, 2000); *Davis v. Ulep*, No. 97-2124, 1999 WL 98390, at *1 (6th Cir. Jan. 29, 1999); *Cain v. Huff*, No. 96-1613, 1997 WL 377029, at * 4 (6th Cir. July 2, 1997).

In this case, Plaintiff received medical treatment for his foot infection and his acid reflux.  With regard to his feet, a Step I grievance response provided by Plaintiff states that he was seen by nursing staff on February 23, 2006, and provided with triple antibiotic ointment.  *See* Grievance No. MTU 06-04-00451-012f (docket #1).  Plaintiff was evaluated by nursing staff again on March 17, 2006, and given Clortrimazole cream.  *Id.*  He was seen by Defendant Rhora on March 31 and was referred to the Medical Service Provider (MSP).  *Id.*  The MSP examined Plaintiff on April 13, 2006, and prescribed Nizoral cream.  *Id.*  Plaintiff does not dispute any of these facts, but contends that the treatment was inadequate.  Plaintiff also received treatment for his acid reflux.  A Step I grievance response submitted by Plaintiff indicates that he was evaluated in the gastrointestinal chronic care clinic on January 26, 2006, and that medication was ordered for his condition.  *See* Grievance No. MTU 06-08-00999-012h (docket #1).  Plaintiff states that Defendant

Rhora prescribed him Mintox Plus tablets, but contends that she should have prescribed him Prevacid and placed him on a special acid reflux diet. Because Plaintiff only disputes the adequacy of his treatment, he fails to state an Eighth Amendment claim.

### B. **Due Process**

Plaintiff, who is classified to security level II, contends that he should be classified to security level I. As a result of his level II placement, Plaintiff claims that he is being denied the opportunity for CRP. The Supreme Court has repeatedly held that a prisoner has no constitutional right to be incarcerated in a particular facility or to be held in a specific security classification. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Meachum v. Fano*, 427 U.S. 215, 244 (1976). The Sixth Circuit has followed the Supreme Court's rulings in a variety of security classification challenges. *See, e.g.*, *Cash v. Reno*, No. 97-5220, 1997 WL 809982, *2 (6th Cir. Dec. 23, 1997) (prisoner's allegation that he was placed in a security level higher than warranted based on the information contained in his prison file failed to state a due process claim because he had no constitutional right to be held in a particular prison or security classification). Moreover, the Sixth Circuit has held that "the denial of participation in a community placement program is not the type of atypical and significant deprivation in which the state might create a liberty interest." *Davis v. Loucks*, No. 96-1583, 1997 WL 215517, at *1 (6th Cir. Apr. 29, 1997) (citing *Sandin v. Conner*, 515 U.S. 472 (1995)). In the absence of a recognized liberty interest,

placing Plaintiff in higher security level facility or increasing his security classification raises no issue of constitutional magnitude.

**Recommended Disposition**

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

Dated:  January 22, 2007            /s/ Hugh W. Brenneman, Jr.
                                    Hugh W. Brenneman, Jr.
                                    United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).