UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

TIMOTHY P. BARTLETT,

    Plaintiff,

v.                                                Case No. 1:06-CV-887

JIM ARMSTRONG, et al.,                  HON. GORDON J. QUIST

    Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it Plaintiff's objections to the report and recommendation dated January 22, 2007, in which Magistrate Judge Brenneman recommended that Plaintiff's complaint be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c) for failure to state a claim. With regard to Plaintiff's Eighth Amendment claim, the magistrate judge noted that Plaintiff received treatment for both his foot problem and his acid reflux and that he merely contends that the treatment was inadequate. With regard to Plaintiff's due process claim based upon his level II security classification, the magistrate judge concluded that Plaintiff's claim fails because there is no recognized liberty interest in a particular security classification. After conducting a *de novo* review of the report and recommendation, the Court concludes that the report and recommendation should be adopted by the Court.

The Court has reviewed Plaintiff's objections and concludes that Plaintiff fails to provide any valid reason for rejecting the report and recommendation on either claim. In his objections, Plaintiff affirms that he received treatment for his condition and that his complaint is simply that the treatment was inadequate. Plaintiff's disagreement with the medical treatment he is receiving is insufficient to give rise to an Eighth Amendment claim. *See Umbarger v. Correctional Med. Servs.*, 93 F. App'x 734, 736 (6th Cir. 2004) (noting that the plaintiff's "disagreement with the medical

treatment that he received during his incarceration . . . [was] insufficient to state an Eighth Amendment claim"). Plaintiff also fails to show that the magistrate judge incorrectly concluded that Plaintiff does not have a liberty interest in a particular security classification. Plaintiff's reliance upon *Knop v. Johnson*, 667 F. Supp. 512 (W.D. Mich. 1987), is misplaced, because the issue in that case was whether the classification system itself violated the Eighth Amendment, a claim which the court described as "tenuous." *See id.* at 527. Moreover, the plaintiffs' separate due process claim based upon classification relied upon a particular administrative rule which the plaintiffs claimed created a liberty interest. Notably, the court did not hold that the plaintiffs actually had a liberty interest. Rather, it declined to grant the defendants' motion for summary judgment because neither party had furnished the text of the administrative rule to the court in order to allow it to determine whether the plaintiffs had a liberty interest. In addition, the court noted that the defendants had not responded to the argument, and the court was reluctant to decide the issue without input from the defendants. *See id.* Plaintiff has not raised a similar claim in this case. Accordingly, Plaintiff's security classification claim fails as well. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued January 22, 2007 (docket no. 5) is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c) for failure to state a claim. This Court finds no good-faith basis for an appeal of this matter within 28 U.S.C. § 1915(a)(3).

This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

This case is **concluded**.


Dated: March 9, 2007                              /s/ Gordon J. Quist
                                                                                 GORDON J. QUIST
                                                                  UNITED STATES DISTRICT JUDGE